IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN E. THORPE, | : | No. 05cv716 |
|    Plaintiff, | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| SNYDER COUNTY DOMESTIC | : | |
| RELATIONS SECTION, DIRECTOR OF | : | |
| DOMESTIC RELATIONS SECTION, | : | |
| RENEE POTTEIGER, | : | |
|    Defendants. | : | |

**MEMORANDUM AND ORDER**

**April 26, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Appointment of Counsel (See Rec. Doc. 8) filed by Plaintiff Justin E. Thorpe ("Plaintiff" or "Thorpe") on April 11, 2005. For the reasons that follow, we will deny the Plaintiff's Motion.

Plaintiff asserts in support of the Motion that the Defendants violated his due process rights "due to the fact that plaintiff proceeded pro se with little knowledge of the law" during prior proceedings before the Snyder County Domestic Relations Section (Decl. Supp. Mot. Appt. Coun. ¶ 3). He also asserts that although he is a "legal assistant student" he has "only a high school diploma and is not yet

1

knowledgeable [enough in the law] to proceed without counsel." Id. ¶ 7. Finally, Plaintiff asserts that due to his being in segregated housing, he has limited access to paper, photocopy machines, and use of the law library. Id. ¶ 8.

Whether or not to grant a motion for appointment of counsel is a matter left to the discretion of the court. See e.g. Marvel v. Prison Industries, Inc., 2002 WL 199883, *1 (D.Del. Feb. 7, 2002)("A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case")(citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)); see also Davison v. Joseph Horen & Company, 265 F.Supp. 750, 753 (W.D. Pa. 1967)(explaining that "the allowance of great discretion in this matter is even more appropriate to civil actions where the plaintiff's claims relate not to his right to freedom from incarceration but merely to his right to money damages").

Our determination as to Plaintiff's Motion will be based upon the standard applicable in the Third Circuit. In Tabron v. Grace, 6 F.3d 147(1993), the Court of Appeals for the Third Circuit announced factors to be considered by a district court in deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, the Tabron court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." Id., at 155. If a claim has arguable merit, other factors should be considered in the overall analysis.

Specifically, the district court's decision whether to appoint counsel should be "informed" by a consideration of the following additional factors: the "plaintiff's ability to present his or her claim;" the "difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether a case is likely to turn on credibility determinations; whether expert testimony is required; and whether the litigant is capable of retaining counsel on his or her own behalf. Id. at 156, 157 n. 5. The Tabron court acknowledged that "court's have no authority to compel counsel to represent an indigent civil litigant," and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. Id. at 157 n. 7.

    The Court believes there is at least arguable merit to Plaintiff's complaint. However, Plaintiff's Motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel at this early juncture in the litigation. Indeed, in the pleadings submitted by Plaintiff thus far, he has demonstrated that he has the ability to present comprehensible arguments. Further, this court's liberal construction of pro se pleadings, see Haines v. Kerner, 404 U.S. 519(1972), coupled with Plaintiff's apparent ability to litigate this action pro se, militate against the appointment of counsel. The Court cannot say at this early

3

juncture, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on her own.

Accordingly, Plaintiff's Motion will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon motion properly filed by Plaintiff. <u>See</u> <u>Tabron</u>, 6 F.3d at 156.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Rec. Doc. 8) is DENIED.

s/ John E. Jones III
John E. Jones III
United States District Judge
