IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN E. THORPE, : | No. 05cv716 |
| Plaintiff, : | |
| : | Judge Jones |
| v. : | |
| : | |
| SNYDER COUNTY DOMESTIC : | |
| RELATIONS SECTION, DIRECTOR OF : | |
| DOMESTIC RELATIONS SECTION, : | |
| RENEE POTTEIGER, : | |
| Defendants. : | |

## MEMORANDUM AND ORDER

## April 29, 2005

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss (See Rec. Doc. 10) filed by Plaintiff Justin E. Thorpe ("Plaintiff" or "Thorpe") on April 27, 2005. In his Motion, Plaintiff requests that we dismiss his cause of action without prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(1), we will construe Plaintiff's Motion to Dismiss as a voluntary dismissal of his own action (Rule 41(a)(1) does not require Plaintiff to file a formal motion seeking a court ordered dismissal before an answer has been filed by a Defendant), and we will direct the Clerk to close the file on this case.

1

Thorpe's Motion also requests that we order the Clerk to not collect the $250 filing fee from him. Unfortunately, no matter the stage of the litigation, filing fees are not refundable. Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Furthermore, Plaintiff cites no case law, nor was the Court able to find any, supporting a partial or total refund of Plaintiff's filing fee. See e.g., Leonard v. Lacy, 88 F.3d 181, 185 (2d Cir. 1996)("there is abundant legislative history to indicate that Congress was endeavoring to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees."); see also Golden v. Kaiser, 1 Fed.Appx. 841, 2001 WL 15526 (10th Cir. Jan. 8, 2001)(noting that neither the court nor the petitioner could find precedent supporting a refund of a plaintiff's filing fee). Therefore, we are constrained to direct the Clerk to collect the full filing fee from the Plaintiff.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion to Dismiss (Rec. Doc. 10) is GRANTED insofar as his Motion is construed as a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

2.  Plaintiff's complaint (Rec. Doc. 1) is DISMISSED without prejudice.

2.  The Clerk is directed to close the file on this case.

3.  The Clerk is directed to collect the full filing fee from the Plaintiff pursuant to 28 U.S.C. § 1915.

                              /s/ John E. Jones III
                              John E. Jones III
                              United States District Judge